IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONYA LYNN DAVIS, as Administrator for the Estate of Jordan Kelly Davis, <br><br> Plaintiff, <br><br> v. <br><br> BILL FRANKLIN, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL CASE NO. 2:22-cv-348-ECM <br> (wo) |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court are a motion to quash service filed by Mark K. McKenzie ("McKenzie")(doc. 14), a motion to dismiss filed by Leon Smith ("Smith") and Town of Coosada (doc. 31), a motion to dismiss for failure to perfect service filed by McKenzie (doc. 32), and a motion to dismiss filed by Bill Franklin ("Franklin") and Elmore County Jail (doc. 34).

**I. FACTS AND PROCEDURAL HISTORY**

The Plaintiff, Tonya Lynn Davis ("Davis"), filed a complaint on June 7, 2022. On July 26, 2022, in response to the motion to quash service by McKenzie, Davis acknowledged that she had failed to perfect service on McKenzie, and said within her response brief, but not in a separately filed motion, that she requested until September 8, 2022 to perfect service. (Doc. 26).

On August 22, 2022, this Court dismissed the complaint without prejudice and gave Davis until September 30, 2022, to file an amended complaint. Service had not been

perfected on McKenzie at the time the amended complaint was filed. In her November 7, 2022 brief in response to McKenzie's motion to dismiss for failure to timely perfect service, Davis acknowledged that service had not been perfected. (Doc. 38 at 2). Within the brief, Davis requested an additional thirty days to serve McKenzie. (*Id.*).

The amended complaint alleges facts arising from the death of Jordan Davis. The amended complaint alleges that on June 6, 2020, Jordan Davis was arrested by McKenzie for driving under the influence, but that McKenzie knew that Jordan Davis was not under the influence of alcohol because Jordan Davis did not smell of alcohol. McKenzie observed Jordan Davis having issues driving, walking, and communicating. He did not provide him medical care. Jordan Davis was taken to the Elmore County Jail. Plaintiff Davis, Jordan Davis' wife, called the Elmore County Jail to report that Jordan Davis needed his prescription medication. On June 7, 2020, Jordan Davis was found unresponsive and pronounced dead at 6:51 a.m.

Based on these facts, Smith has brought three claims in the amended complaint which are labeled as claims brought pursuant to 42 U.S.C. § 1983. (Doc. 30). The claims are for violation of the Fourth and Fourteenth Amendment for failure to provide medical care against McKenzie, Coosada, and Smith (count one), for violation of the Fourth and Fourteenth Amendment for failure to provide medical care against the Elmore County Jail

and Franklin (count two), and for wrongful death (count three).[1] The amended complaint invokes this Court's original and supplemental jurisdiction. (Doc. 30 at 1).

## II. STANDARDS OF REVIEW

### A. Dismissal for Failure of Service

Under Rule 4(m) of the *Federal Rules of Civil Procedure*, if a defendant is not served within 90 days after the complaint is filed, the court may on its own, after notice to the plaintiff, dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. FED. R. CIV. P. 4(m).

### B. Dismissal for Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and

---

[1] In this Court's order ruling on the motions to dismiss the original complaint, the Court noted that it was unclear if Davis was asserting a state law claim. (Doc. 29). The original complaint contained one count brought pursuant to section 1983, but also sought damages for violation of state law. (Doc. 1 at 5-6).

common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

### III. DISCUSSION

#### A. Motion to Dismiss for Failure to Perfect Service

"When a plaintiff fails to perfect service of process within the [90-day] period, the court may dismiss the action or grant an extension of time to serve process for either 'good cause' or another sufficient ground unless the plaintiff can show good cause or establish sufficient grounds for an extension of this time period." *Smith v. Hyundai Motor Mfg. Of Ala.*, 2008 WL 4372456, at *1 (M.D. Ala. 2008) (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005)). Rule 4(m) affords two "safety hatches" to complaints served outside the 90-day window. *See Pullins v. BI-LO Holdings, LLC*, 2016 WL 7217279, at *2 (S.D. Ga. 2016). A plaintiff may avoid a dismissal by demonstrating good cause for failing to meet the service deadline, in which case a court would be obligated to extend that deadline for an appropriate period. *See Lepone-Dempsey v. Carroll Cty. Commissioners*, 476 F.3d 1277, 1282 (11th Cir. 2007). Or, a plaintiff may avoid

dismissal if a court exercises discretion to extend the time for service even in the absence of good cause. *See Pullins*, 2016 WL 7217279, at *2. One consideration in a court's decision whether to permit an extension of time is whether the statue of limitations would bar the refiled action. *Lepone-Dempsey,* 476 F.3d at 1282.

Davis' only explanation in her November brief as to why she failed to meet the service deadline is that she is attempting to locate McKenzie, which was the same response she gave in July. (Doc. 38 at 2). The Court cannot conclude that that is sufficient to establish good cause. *See Pullins*, 2016 WL 7217279, at *2 (explaining that good cause is akin to excusable neglect). Failure to establish good cause is not the end of the inquiry, however, because "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey,* 476 F.3d at 1282. The running of the applicable statute of limitations, while it does not require, weighs in favor of, an exercise of discretion to extend the service period in this case. Because the Court dismissed the complaint without prejudice and allowed Davis to file a new, amended complaint by September 30, 2022, the Court will exercise discretion to allow Davis until December 29, 2022, to perfect service on McKenzie.

### B. Motion to Dismiss for Failure to State a Claim

As noted above, in her amended complaint, Davis sets out a claim for wrongful death in count three which she labels as a claim for violation of 42 U.S.C. § 1983. (Doc.

5

30 at 8). The Defendants seeking dismissal construe count three as an attempt to state a federal claim. It is not clear that Davis intended this claim to be a federal claim, however, as the amended complaint invokes this Court's supplemental jurisdiction over state law claims. The use of the 42 U.S.C. § 1983 label for count three, therefore, may have been inadvertent. Although the Court already has directed Davis to adequately plead her claims, to resolve this ambiguity, the Court will give Davis one additional opportunity to file a new amended complaint to re-plead the claim in count three and make it clear whether she is asserting a federal or state-law claim. *Cf. Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1253 (11th Cir. 2005)(holding "a formulaic misstep by counsel is not fatal under the notice pleading standard.").

## IV. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The motion to quash service filed by Mark K. McKenzie (doc. 14) is GRANTED.

2. The motion to dismiss for failure to perfect service filed by Mark K. McKenzie (doc. 32) is DENIED without prejudice and Davis is given until **December 29, 2022,** to perfect service on McKenzie.

3. The motion to dismiss filed by Leon Smith and Town of Coosada (doc. 31) and motion to dismiss filed by Bill Franklin and Elmore County Jail (doc. 34) are GRANTED to the extent that Davis is given until **December 29, 2022,** to file a new amended complaint which does not incorporate any previous

    complaint by reference and which sets forth the legal and factual basis of her claim in count three.

4. The motions to dismiss (docs. 31 & 34) are otherwise held in abeyance.

DONE this 18th day of November, 2022.

        /s/ Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE